## DAVENPORT et al. v. MONSOUR.
### No. 5776.

Court of Appeal of Louisiana. Second Circuit.
June 30, 1938.

Chandler & Chandler, of Shreveport, for appellant.

Geo. T. McSween and Edward Barnett, both of Shreveport, for appellees.

DREW, Judge.

This is a petitory action, coupled with a suit for a partition by licitation of the west 30 feet of Lot 15 of Shepard & Stewart Subdivision of the City of Shreveport, as per map recorded in the Conveyance Records of Caddo Parish, Louisiana.

Plaintiffs allege that defendant has had possession and use of all of said lot for the past three years and the rental value of it is $10 per month. They pray to be decreed the owners of an undivided half interest in and to said property, and for judgment for partition by licitation; that they be paid out of the proceeds one-half of the amount, and for further judgment against defendant for half of the rental value for the past three years, amounting to $180.

Defendant answered claiming he owned the property in its entirety and, in the alternative, if plaintiffs be found to have a half interest therein, that he recover from them one-half of the amount paid by him to remove and have canceled a mortgage in the sum of $460 given on said property by James Van Zant to G. J. Monsour. He alleged he acquired the whole of said property from Jim Van Zant by notarial act dated November 16, 1931.

The case was submitted to the lower court upon an agreed statement of fact, and judgment was rendered as follows:

"It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Catherine Van Zant Johnson, and against defendant, Fred Monsour, recognizing the plaintiff and defendant to be the owners in indivision in equal portions of the west 30 feet of Lot 15 of the Shepard & Stewart subdivision in the City of Shreveport, Louisiana, together with all the buildings and improvements thereon.

"It is further ordered, adjudged and decreed that the said Catherine Van Zant Johnson do have judgment against the said Fred Monsour for the sum of $30.00 for rents and revenues, with legal interest from this date.

"It is further ordered, adjudged and decreed that the said Fred Monsour do have judgment against the said Catherine Van Zant Johnson for the sum of $230.00, with legal interest from November 16, 1931, until paid.

"It is further ordered, adjudged and decreed that the property above described is not susceptible of being conveniently divided in kind without loss and inconvenience to the parties hereto; and that said property be sold by the sheriff of this parish at public auction, after due advertisements, delays, requisites and formalities, for cash, to the highest bidder, without the benefit of appraisement; and that from the proceeds of the sale the sheriff deduct, first the sum of $230.00, with legal interest from November 16, 1931, which the sheriff shall pay to the said Monsour; and second, the sum of $30.00, with legal interest from this date, which the sheriff shall pay to the said Catherine Van Zant Johnson.

"It is further ordered, adjudged and decreed that the proceeds of the sale, after deducting the costs to be paid out of the mass, and the said two sums of $230.00 and $30.00, respectively, be distributed by the sheriff, one-half to the said Catherine Van Zant Johnson and the other half to the said Fred Monsour, in equal proportions, share and share alike."

Defendant has prosecuted this appeal.

In this court the following agreement has been filed:

"In this case, it is agreed by and between counsel for both parties that the judgment rendered in the District Court, based upon the agreed statement of facts, is erroneous and should be amended by this Court. It is agreed that the judgment of the Lower Court was not proper in that it attemped to direct the payment of the respective judgments, out of the entire proceeds of the partition sale. The parties agree that the proper judgment is one recognizing plaintiff and defendant as the owners of an undivided one-half interest, each, in the property in question; a judgment in favor of defendant Monsour in the sum of $230.00, with 5% per annum interest from November 16, 1931, until paid; a judgment in the sum of $30.00 in favor of plaintiff, with 5% per annum interest from April 29, 1938, until paid; and a judgment decreeing the partition of said property by licitation, but without directing the manner in which said judgments shall be paid."

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended to conform to the agreement of counsel above quoted, by striking from said judgment that part which authorized the deduction of $230 with legal interest from November 16, 1931, until paid, and $30 with legal interest from date, from the proceeds of the sale before dividing equally the proceeds between Catherine Van Zant Johnson and Fred Monsour; and in all other respects the judgment is affirmed.